IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:00-CR-77-BR-1
No. 7:12-CV-44-BR

| | | |
|---|---|---|
| DOUGLAS HAYTH BREWBAKER | ) | |
|     Petitioner | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
|     Respondent | ) | |

This action was initiated after the enactment and implementation of habeas corpus reforms contained in Title I of the "Antiterrorism and Effective Death Penalty Act of 1996." Title 28, United States Code, Section 2244(b)(3)(A) provides that before a second or successive habeas corpus application may be filed in the district court, the applicant must move the appropriate court of appeals for an order authorizing the district court to consider the application. See also 28 U.S.C. § 2255(h) (the certification procedure in § 2244 applies to second or successive § 2255 applications).

The petitioner has filed a previous 28 U.S.C. § 2255 application; therefore this court is without jurisdiction to review the matter until authorized to do so by the United States Court of Appeals for the Fourth Circuit. Accordingly this matter is DISMISSED without prejudice for the petitioner to seek authorization to file this application in the Eastern District of North Carolina.[1]

The court finds that petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Pursuant to Rule 11(a) of the Rules Governing

---

[1] Although petitioner is attempting to assert claims based on the decision in United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc), the court declines to appoint counsel pursuant to standing order No. 11-SO-3 to determine whether petitioner may qualify for post-conviction relief pursuant to Simmons. It is without question that Simmons affords petitioner no relief. At issue in Simmons was whether a prior North Carolina conviction was for "an offense 'punishable by imprisonment for more than one year.'" Id. at 239. Petitioner's sentence was not enhanced or otherwise based on his having previously been convicted of an offense punishable by a prison term exceeding one year. Rather, petitioner's criminal history category was based on (1) "prior sentences" (as that term is used in U.S.S.G. §§ 4A1.1 and 4A1.2 (1998)) which petitioner received for two North Carolina convictions and (2) the fact that he was on supervised probation at the time of the instant offenses, see U.S.S.G. § 4A1.1(d) (1998).

Section 2255 Proceedings, a certificate of appealability is DENIED.

This 1 March 2012.

_____
W. Earl Britt
Senior U.S. District Judge